MR. JUSTICE ERICKSON
concurring in part and dissenting in part:
I respectfully dissent to Part I of the majority opinion. In my view, the uniform desire to obtain higher educational standards can not be accomplished at the expense of the constitution. If our constitution does not provide the proper criteria to meet the educational needs of Colorado residents, it should be amended by the people, and not by a constitutional *411 amendment that has no foundation apart from an opinion of the Supreme Court of Colorado. The clear language of Article IX, Section 11, and the necessary implications to be drawn from that language demonstrate that the General Assembly is forbidden by the Colorado Constitution from compelling school attendance for more than three years.
“[A]n elementary rule to be borne in mind throughout the following discussion is that the constitution operates upon the lawmaking branch of the government purely as a limitation; and that the legislature possesses plenary authority in the enactment of laws except as such authority is expressly, or by clear implication, therein denied.” People v. Richmond, 16 Colo. 274, 278, 26 P. 929 (1891).
There is no question that the power of the General Assembly to adopt general laws is plenary, absent restraints imposed by the federal and state constitutions. Schwartz v. People, 46 Colo. 239, 104 P. 92 (1909); Denver v. Sweet, 138 Colo. 41, 329 P.2d 441 (1958); State Civil Serv. Employees’ Assoc. v. Love, 167 Colo. 436, 448 P.2d 624 (1968). But the interpretation which the majority forces upon Article IX, Section 11, deprives that constitutional provision of any independent vitality and violates the maxim that a constitution must be interpreted so as to give force to each of its mandates. Marbury v. Madison, 1 Cranch 137 (1803).
A review of the proceedings of the Convention which drafted the Colorado Constitution lends support for the proposition that Article IX, Section 11 was intended as a limitation on the powers of the General Assembly. See Schwartz v. People, supra.
On January 6, 1876, Mr. Carr tendered a resolution to the Convention which provided:
“Resolved, That the Legislature at its first session, or as soon thereafter as possible, shall pass such laws as will require the attendance on the public (schools) of this State of all persons between the ages of six and sixteen years for a period of at least three months during each and every year. Provided, That when any such person shall be shown to have received regular instruction from any qualified private teacher for said period of time during each and every year, they shall be exempted from the operation of the laws contemplated by this section.” Proceedings of the Constitutional Convention, Colorado 1875-76 at 61. (Emphasis added.)
That resolution was referred to the Convention’s Committee on Education and Educational Institutions, which, on January 29, 1876, reported out a proposed version of Article IX, Section 11, which provided:
“The General Assembly may require by law that every child of sufficient mental and physical ability shall attend the public schools, during the period between the ages of six and eighteen years, for a time equivalent to three years, unless educated by other means.” Id. at 187.
*412 This proposal was adopted by the Convention, with minor changes in punctuation, on February 19, 1876, as Article IX, Section 11. Id. at 358.
It is apparent that Mr. Carr’s resolution contained language which, if it had been adopted by the Convention, would support the majority’s contention. But the Education Committee transformed that proviso from one which would have ordered the General Assembly to require “at least” a certain period of schooling, into one which provides only that the General Assembly “may require” compulsory education for “a time equivalent to three years.”
In this light, the language of Article IX, Section 11 cannot bear the majority’s interpretation of it. The majority holds that Section 1 l’s proviso that the General Assembly “may require” an education “for a time equivalent to three years” is merely a reaffirmation of the General Assembly’s already existing power to compel education for as long as it deems necessary. But if this is the case, it is difficult to see why any reference to a specific period of time should have been included in Section 11 at all. Every word and clause in a constitution must be given meaning and effect. Marbury v. Madison, supra. However, the majority’s interpretation of Section 11 renders the language “for a time equivalent to three years” meaningless.
By using the word “may” in Article IX, Section 11, the framers did not intend to require the General Assembly to compel school attendance. However, when they inserted the three-year time period into Section 11, it is clear that they intended that it would operate as a limitation on the length of time the General Assembly could compel school attendance.
I wholeheartedly concur in the majority’s paean to the virtues of education. We are all opposed to ignorance. But Article IX, Section 11 of the Colorado Constitution is a clear limitation on the power of the General Assembly to compel school attendance beyond three years. I concur in the remainder of the majority opinion.